IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| PRECISION PIPELINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:16-cv-180-JAG |
| v. | ) | |
| | ) | |
| DOMINION TRANSMISSION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DOMINION TRANSMISSION, INC.'S ANSWER
TO COMPLAINT**

Dominion Transmission, Inc., ("DTI") files this Answer to Plaintiffs' Complaint:

1.     With respect to Paragraph 1, DTI admits that Precision constructed an interstate natural gas pipeline.  DTI is without sufficient information to admit or deny the remaining allegations in Paragraph 1.  To the extent a response is required, DTI denies the remaining allegations in Paragraph 1.

2.     With respect to the allegations in Paragraph 2, DTI admits the allegations in Paragraph 2.

3.     With respect to the allegations in Paragraph 3, DTI admits that it executed two separate Pipeline Construction Contracts (the "Contract") on January 7, 2011, for the construction of three natural gas pipelines."  DTI denies as phrased the remaining allegations in Paragraph 3.

4.     With respect to the allegations in Paragraph 4, DTI denies the allegations in Paragraph 4.

5.     With respect to the allegations in Paragraph 5, DTI denies the allegations in Paragraph 5.

6.      With respect to the allegations in Paragraph 6, DTI is without sufficient information to admit or deny the allegations contained in Paragraph 6.  To the extent a response is required, DTI denies the allegations in Paragraph 6.

7.      With respect to the allegations in Paragraph 7, DTI admits the allegations in Paragraph 7.

8.      With respect to the allegations in Paragraph 8, DTI denies the allegations in Paragraph 8 as the allegations relate to the jurisdiction of the United States District Court for the Western District of Pennsylvania.  DTI states that the United States District Court for the Eastern District of Virginia has jurisdiction over this matter subject to the forum selection clause in the Contract.

9.      With respect to the allegations in Paragraph 9, DTI denies the allegations in Paragraph 9 as the allegations relate to the jurisdiction of the United States District Court for the Western District of Pennsylvania.  DTI states that the United States District Court for the Eastern District of Virginia has jurisdiction over this matter subject to the forum selection clause in the Contract.

10.     With respect to the allegations in Paragraph 10, DTI denies the allegations in Paragraph 10 as the allegations relate to the United States District Court for the Western District of Pennsylvania.  DTI states that venue is proper in the United States District Court for the Eastern District of Virginia under the forum selection clause in the Contract.

11.     The allegations in Paragraph 11 are legal conclusions to which no response is response. To the extent a response is required, DTI denies the allegations in Paragraph 11.

12.    With respect to Paragraph 12, Section 514 of the Contractor and Subcontractor Payment Act speaks for itself.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 12.

13.    The allegations in Paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 13.

14.    The allegations in Paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 14.

15.    The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 15.

16.    With respect to Paragraph 16, DTI denies the allegations in Paragraph 16.

17.    The allegations in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 17.  DTI admits that the pipeline was constructed in Pennsylvania and West Virginia.

18.    With respect to Paragraph 18, DTI denies the allegations in Paragraph 18.

19.    With respect to the allegations in Paragraph 19, DTI admits the allegations in Paragraph 19.  Judge Bissoon awarded summary judgment to Trico and GAI and the matter was dismissed on September 28, 2016.

20.    With respect to Paragraph 20, DTI denies as phrased the allegations in Paragraph 20.  DTI admits that it entered into a contract with Trico Surveying and Mapping, Inc. ("Trico") and the contract speaks for itself.

21.     With respect to Paragraph 21, DTI denies as phrased the allegations in Paragraph 21.  DTI admits it entered into a contract with G-A-I Consultants, Inc., ("G-A-I") and the contract speaks for itself.

22.     With respect to Paragraph 22, DTI denies the allegations in Paragraph 22.

23.     With respect to Paragraph 23, DTI admits the allegations in Paragraph 23.

24.     With respect to Paragraph 24, DTI admits the allegations in Paragraph 24.

25.     With respect to Paragraph 25, DTI admits the allegations in Paragraph 25.

26.     With respect to Paragraph 26, DTI denies the allegations in Paragraph 26.

27.     With respect to Paragraph 27, DTI denies the allegations in Paragraph 27.

28.     With respect to the allegations in Paragraph 28, DTI denies the allegations in Paragraph 28.

29.     With respect to the allegations in Paragraph 29, DTI denies the allegations in Paragraph 29.

30.     DTI is without sufficient information to admit or deny the allegations in Paragraph 30.  To the extent response is required, DTI denies the allegations in Paragraph 30.

31.     DTI is without sufficient information to admit or deny the allegations in Paragraph 31.  To the extent response is required, DTI denies the allegations in Paragraph 31.

32.     With respect to the allegations in Paragraph 32, DTI denies the allegations in Paragraph 32.

33.     With respect to Paragraph 33, DTI denies the allegations in Paragraph 33.

34.     With respect to Paragraph 34, DTI denies the allegations in Paragraph 34.

35.     With respect to Paragraph 35, DTI admits the allegations in Paragraph 35.

36.     With respect to Paragraph 36, DTI denies as phrased the allegations in Paragraph 36.

37.     With respect to Paragraph 37, DTI is without sufficient information to admit or deny the allegations in Paragraph 37.  The extent a response is required, DTI denies the allegations in Paragraph 37.

38.     With respect to Paragraph 38, DTI is without sufficient information to admit or deny the allegations in Paragraph 38.  The extent a response is required, DTI denies as phrased the allegations in Paragraph 38.

39.     With respect to Paragraph 39, DTI admits the allegations in Paragraph 39.

40.     With respect to Paragraph 40, DTI's admits the allegations in Paragraph 40.

41.     With respect to Paragraph 41, DTI is without sufficient information to admit or deny the allegations in Paragraph 41.  To the extent a response is required, DTI denies the allegations in Paragraph 41.

42.     With respect to Paragraph 42, DTI is without sufficient information to admit or deny the allegations in Paragraph 42.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 42 and FERC's Order speaks for itself.

43.     With respect to Paragraph 43, DTI is without sufficient information to admit or deny the allegations in Paragraph 43.  To the extent a response is required, DTI denies the allegations in Paragraph 43.

44.     With respect to Paragraph 44, DTI is without sufficient information to admit or deny the allegations in Paragraph 44.  To the extent a response is required, DTI admits the Commonwealth of Pennsylvania and the State of West Virginia adopted "One Call System" statutes.  DTI denies as phrased the remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 50.

51.     With respect to Paragraph 51, DTI is without sufficient information to admit or deny the allegations in Paragraph 51.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 51.

52.     With respect to Paragraph 52, DTI is without sufficient information to admit or deny the allegations in Paragraph 52.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 55.

56.     With respect to Paragraph 56, DTI is without sufficient information to admit or deny the allegations in Paragraph 56.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 56.

57.     With respect to Paragraph 57, DTI is without sufficient information to admit or deny the allegations in Paragraph 57.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 57.

58.     With respect to Paragraph 58, DTI is without sufficient information to admit or deny the allegations in Paragraph 58.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 59.

60.     With respect to Paragraph 60, DTI is without sufficient information to admit or deny the allegations in Paragraph 60.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 60.

61.     With respect to Paragraph 61, DTI admits the allegations in Paragraph 61.

62.     With respect to Paragraph 62, DTI is without sufficient information to admit or deny the allegations in Paragraph 62.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 62.

63.     With respect to Paragraph 63, DTI is without sufficient information to admit or deny the allegations in Paragraph 63.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 63.

64.     With respect to Paragraph 64, DTI is without sufficient information to admit or deny the allegations in Paragraph 64.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 64.

65.     With respect to Paragraph 65, DTI admits that it provided documents setting forth bid requirements and the documents speak for themselves.  DTI denies the remaining allegations in Paragraph 65.

66.     With respect to Paragraph 66, DTI is without sufficient information to admit or deny the allegations in Paragraph 66.  To the extent a response is required, DTI denies the allegations in Paragraph 66.

67.     With respect to Paragraph 67, DTI is without sufficient information to admit or deny the allegations in Paragraph 67.  To the extent a response is required, DTI denies the allegations in Paragraph 67.

68.     With respect to Paragraph 68, DTI is without sufficient information to admit or deny the allegations in Paragraph 68.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 68.

69.     With respect to Paragraph 69, DTI is without sufficient information to admit or deny the allegations in Paragraph 69.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 69.

70.     With respect to Paragraph 70, DTI is without sufficient information to admit or deny the allegations in Paragraph 70.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 70.

71.     With respect to Paragraph 71, DTI is without sufficient information to admit or deny the allegations in Paragraph 71.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 71.

72.     With respect to Paragraph 72, DTI is without sufficient information to admit or deny the allegations in Paragraph 72.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 72.

73.     With respect to Paragraph 73, DTI is without sufficient information to admit or deny the allegations in Paragraph 73.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 73.

74.     With respect to Paragraph 74, DTI is without sufficient information to admit or deny the allegations in Paragraph 74.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 74.

75.     With respect to Paragraph 75, DTI is without sufficient information to admit or deny the allegations in Paragraph 75.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 78.

79.     With respect to Paragraph 79, DTI is without sufficient information to admit or deny the allegations in Paragraph 79.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 79.

80.     With respect to Paragraph 80, DTI is without sufficient information to admit or deny the allegations in Paragraph 80.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 80.

81.     With respect to Paragraph 81, DTI is without sufficient information to admit or deny the allegations in Paragraph 81.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 81.

82.     With respect to Paragraph 82, DTI is without sufficient information to admit or deny the allegations in Paragraph 82.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 82.

83.     With respect to Paragraph 83, DTI is without sufficient information to admit or deny the allegations in Paragraph 83.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 83.

84.     With respect to Paragraph 84, DTI is without sufficient information to admit or deny the allegations in Paragraph 84.  To the extent a response is required, DTI admits it had a meeting with Precision ion November 2010 with respect to TL-492 and TL-590 and denies as phrased the remaining allegations in Paragraph 84.

85.     With respect to Paragraph 85, DTI denies the allegations in Paragraph 85.

86.     With respect to Paragraph 86, DTI denies the allegations in Paragraph 86.

87.     With respect to Paragraph 87, DTI denies the allegations in Paragraph 87.

88.     With respect to Paragraph 88, DTI is without sufficient information to admit or deny the allegations in Paragraph 88.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 88.

89.     With respect to Paragraph 89, DTI admits that Precision submitted a bid proposal to DTI for TL-570 and a separate bid proposal for TL-492 and TL-590 on December 13, 2010. DTI denies the remaining allegations in Paragraph 89.

90.     With respect to Paragraph 90, DTI is without sufficient information to admit or deny the allegations in Paragraph 90.  To the extent a response is required, DTI denies the allegations in Paragraph 90.

91.     With respect to Paragraph 91, DTI is without sufficient information to admit or deny the allegations in Paragraph 91.  To the extent a response is required, DTI denies the allegations in Paragraph 91.

92.     With respect to Paragraph 92, DTI is without sufficient information to admit or deny the allegations in Paragraph 92.  To the extent a response is required, DTI denies the allegations in Paragraph 92.

93.     With respect to Paragraph 93, DTI is without sufficient information to admit or deny the allegations in Paragraph 93.  To the extent a response is required, DTI denies the allegations in Paragraph 93.

94.     With respect to Paragraph 94, DTI is without sufficient information to admit or deny the allegations in Paragraph 94.  To the extent a response is required, DTI denies the allegations in Paragraph 94.

95.     With respect to Paragraph 95, DTI admits the allegations in Paragraph 95.

96.     With respect to Paragraph 96, DTI admits the allegations in Paragraph 96.

97.     With respect to Paragraph 97, DTI admits the allegations in Paragraph 97.

98.     With respect to Paragraph 98, DTI denies the allegations in Paragraph 98 and the Contracts speak for themselves.

99.     With respect to Paragraph 99, DTI denies the allegations in Paragraph 99 and the Contracts speak for themselves.

100.    With respect to Paragraph 100, DTI is without sufficient information to admit or deny the allegations in Paragraph 100.  To the extent a response is required, DTI denies the allegations in Paragraph 100 and the Contract speak for themselves.

101.    With respect to Paragraph 101, DTI denies as phrased the allegations in Paragraph 101.  The Contract speaks for itself.

102.    With respect to Paragraph 102, DTI denies as phrased the allegations in Paragraph 102.  The Contract speaks for itself.

103.    With respect to Paragraph 103, DTI admits that it issued Notices to Proceed on July 29, 2011.  DTI denies as phrased the remaining allegations in Paragraph 103.

104.    With respect to Paragraph 104, DTI is without sufficient information to admit or deny the allegations in Paragraph 104.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 104.

105.    With respect to Paragraph 105, DTI denies the allegations in Paragraph 105.

106.    With respect to Paragraph 106, DTI is without sufficient information to admit or deny the allegations in Paragraph 106.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 106.

107.    With respect to Paragraph 107, DTI is without sufficient information to admit or deny the allegations in Paragraph 107.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 107.

108.    With respect to Paragraph 108, DTI denies the allegations in Paragraph 108.

109.    With respect to Paragraph 109, DTI denies the allegations in Paragraph 109.

110.    With respect to Paragraph 110, DTI is without sufficient information to admit or deny the allegations in Paragraph 110.  To the extent a response is required, DTI denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 115.

116.    With respect to Paragraph 116, DTI is without sufficient information to admit or deny the allegations in Paragraph 116.  To the extent a response is required, DTI denies the allegations in Paragraph 116.

117.    With respect to Paragraph 117, DTI is without sufficient information to admit or deny the allegations in Paragraph 117.  To the extent a response is required, DTI denies the allegations in Paragraph 117.

118.    With respect to Paragraph 118, DTI is without sufficient information to admit or deny the allegations in Paragraph 118.  To the extent a response is required, DTI denies the allegations in Paragraph 118.

119.    With respect to Paragraph 119, DTI is without sufficient information to admit or deny the allegations in Paragraph 119.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 119.

120.    With respect to Paragraph 120, DTI denies the allegations in Paragraph 120.

121.    With respect to Paragraph 121, DTI is without sufficient information to admit or deny the allegations in Paragraph 121.  To the extent a response is required, DTI denies the allegations in Paragraph 121.

122.    With respect to Paragraph 122, DTI is without sufficient information to admit or deny the allegations in Paragraph 122.  To the extent a response is required, DTI denies the allegations in Paragraph 122.

123.    With respect to Paragraph 123, DTI is without sufficient information to admit or deny the allegations in Paragraph 123.  To the extent a response is required, DTI denies the allegations in Paragraph 123.

124.    With respect to Paragraph 124, DTI is without sufficient information to admit or deny the allegations in Paragraph 124.  To the extent a response is required, DTI denies the allegations in Paragraph 124.

125.    With respect to Paragraph 125, DTI is without sufficient information to admit or deny the allegations in Paragraph 125.   To the extent a response is required, DTI denies the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 131.

132.    With respect to Paragraph 132, DTI denies the allegations in Paragraph 132.

133.    With respect to Paragraph 133, DTI is without sufficient information to admit or deny the allegations in Paragraph 133.   To the extent a response is required, DTI denies the allegations in Paragraph 133.

134.    With respect to Paragraph 134, DTI denies the allegations in Paragraph 134.

135.    With respect to Paragraph 135, DTI is without sufficient information to admit or deny the allegations in Paragraph 135.   To the extent a response is required, DTI denies the allegations in Paragraph 135.

136.     With respect to Paragraph 136, DTI is without sufficient information to admit or deny the allegations in Paragraph 136.   To the extent a response is required, DTI denies the allegations in Paragraph 136.

137.     With respect to Paragraph 137, DTI denies the allegations in Paragraph 137.

138.     With respect to Paragraph 138, DTI denies the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 are legal conclusions to which no response is required.   To the extent a response is required, DTI denies as phrased the allegations in Paragraph 139.

140.     The allegations in Paragraph 140 are legal conclusions to which no response is required.   To the extent a response is required, DTI denies as phrased the allegations in Paragraph 140.

141.     With respect to Paragraph 141, DTI is without sufficient information to admit or deny the allegations in Paragraph 141.   To the extent a response is required, DTI denies the allegations in Paragraph 141.

142.     The allegations in Paragraph 142 are legal conclusions to which no response is required.   To the extent a response is required, DTI denies as phrased the allegations in Paragraph 142.

143.     With respect to Paragraph 143, DTI is without sufficient information to admit or deny the allegations in Paragraph 143.   To the extent a response is required, DTI denies the allegations in Paragraph 143.

144.     The allegations in Paragraph 144 are legal conclusions to which no response is required.   To the extent a response is required, DTI denies the allegations in Paragraph 144.

145.     With respect to Paragraph 145, DTI denies the allegations in Paragraph 145.

146.    With respect to Paragraph 146, DTI denies the allegations in Paragraph 146.

147.    With respect to Paragraph 147, DTI denies the allegations in Paragraph 147.

148.    With respect to Paragraph 148, DTI is without sufficient information to admit or deny the allegations in Paragraph 148.  To the extent a response is required, DTI denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 150.

151.    With respect to Paragraph 151, DTI is without sufficient information to admit or deny the allegations in Paragraph 151.  To the extent a response is required, DTI denies the allegations in Paragraph 151.

152.    With respect to Paragraph 152, DTI admits that Precision submitted work payment requests.  DTI denies the remaining allegations in Paragraph 152.

153.    With respect to Paragraph 153, DTI is without sufficient information to admit or deny the allegations in Paragraph 153.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 153.

154.    With respect to Paragraph 154, DTI denies the allegations in Paragraph 154.

155.    With respect to Paragraph 155, DTI denies the allegations in Paragraph 155.

156.    With respect to Paragraph 156, DTI denies the allegations in Paragraph 156.

157.    With respect to Paragraph 157, DTI is without sufficient information to admit or deny the allegations in Paragraph 157.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 157.

158.     With respect to Paragraph 158, DTI is without sufficient information to admit or deny the allegations in Paragraph 158.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 158.

159.     With respect to Paragraph 159, DTI is without sufficient information to admit or deny the allegations in Paragraph 159.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 159.

160.     With respect to Paragraph 160, DTI admits that it approved properly submitted written change order requests.  DTI is without sufficient information to admit or deny the remaining allegations in Paragraph 160.  To the extent a response is required, DTI denies as phrased the remaining allegations in Paragraph 160.

161.     With respect to Paragraph 161, DTI denies the allegations in Paragraph 161.

162.     With respect to Paragraph 162, DTI denies the allegations in Paragraph 162.

163.     With respect to Paragraph 163, DTI is without sufficient information to admit or deny the remaining allegations in Paragraph 163.  To the extent a response is required, DTI denies the allegations in Paragraph 163.

164.     With respect to Paragraph 164, DTI denies the allegations in Paragraph 164.

165.     With respect to Paragraph 165, DTI is without sufficient information to admit or deny the allegations in Paragraph 165.  To the extent a response is required, DTI denies the allegations in Paragraph 165.

166.     With respect to Paragraph 166, DTI is without sufficient information to admit or deny the allegations in Paragraph 166.  To the extent a response is required, DTI denies the allegations in Paragraph 166.

167.     With respect to Paragraph 167, DTI denies the allegations in Paragraph 167.

168.    With respect to Paragraph 168, DTI denies the allegations in Paragraph 168.

169.    With respect to Paragraph 169, DTI is without sufficient information to admit or deny the allegations in Paragraph 169.  To the extent a response is required, DTI denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 170.

## FIRST COUNT
## CARDINAL CHANGE – QUASI-CONTRACT (QUANTUM MERUIT)

171.    DTI repeats and reasserts its responses set forth in Paragraph 1 through 170 of the Complaint.

172.    DTI denies the allegations in Paragraph 172.

173.    DTI denies the allegations in Paragraph 173.

174.    With respect to Paragraph 174, DTI is without sufficient information to admit or deny the allegations in Paragraph 174.  To the extent a response is required, DTI denies the allegations in Paragraph 174.

175.    With respect to Paragraph 175, DTI is without sufficient information to admit or deny the allegations in Paragraph 175.  To the extent a response is required, DTI denies the allegations in Paragraph 175.

176.    DTI denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 177.

## SECOND COUNT
## ABANDONMENT – QUASI CONTRACT (QUANTUM MERUIT)

178.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 178, DTI repeats and reasserts its responses set forth in Paragraphs 1 through 177 of the Complaint.

179.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 179, DTI denies the allegations in Paragraph 179.

180.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 180, DTI denies the allegations in Paragraph 180.

181.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 181, DTI denies the allegations in Paragraph 181.

182.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 182, DTI denies the allegations in Paragraph 182.

183.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 183, DTI denies the allegations in Paragraph 183.

184.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 184, DTI denies the allegations in Paragraph 184.

185.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 185, DTI denies the allegations in Paragraph 185.

186.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 186, DTI denies the allegations in Paragraph 186.

187.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 187, DTI denies the allegations in Paragraph 187.

188.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Two with prejudice.  Accordingly, no response is required for Paragraphs 178 through 188 of the Complaint. To the extent a response is required to Paragraph 188, DTI denies the allegations in Paragraph 188.

## THIRD COUNT
## CONSTRUCTIVE FRAUD– QUASI CONTRACT (QUANTUM MERUIT)

189.     DTI repeats and reasserts its responses set forth in Paragraph 1 through 188 of the Complaint.

190.     With respect to Paragraph 190, DTI denies the allegations in Paragraph 190.

191.     With respect to Paragraph 191, DTI is without sufficient information to admit or deny the allegations in Paragraph 191.  To the extent a response is required, DTI denies the allegations in Paragraph 191.

192.     With respect to Paragraph 192, DTI is without sufficient information to admit or deny the allegations in Paragraph 192.  To the extent a response is required, DTI denies the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 193.

194.    With respect to Paragraph 194, DTI is without sufficient information to admit or deny the allegations in Paragraph 194.  To the extent a response is required, DTI denies the allegations in Paragraph 194.

195.    With respect to Paragraph 195, DTI is without sufficient information to admit or deny the allegations in Paragraph 195.  To the extent a response is required, DTI denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 196.

197.    The allegations in Paragraph 197 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 197.

198.    With respect to Paragraph 198, DTI is without sufficient information to admit or deny the allegations in Paragraph 198.  To the extent a response is required, DTI denies the allegations in Paragraph 198.

199.    With respect to Paragraph 199, DTI is without sufficient information to admit or deny the allegations in Paragraph 199.  To the extent a response is required, DTI denies the allegations in Paragraph 199.

200.    With respect to Paragraph 200, DTI is without sufficient information to admit or deny the allegations in Paragraph 200.  To the extent a response is required, DTI denies the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 201.

202.    The allegations in Paragraph 202 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 202.

### FOURTH COUNT
### BREACH OF CONTRACT

203.    DTI repeats and reasserts its responses set forth in Paragraph 1 through 202 of the Complaint.

204.    The allegations in Paragraph 204 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 204.

205.    The allegations in Paragraph 205 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 205.

206.    The allegations in Paragraph 206 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 206.

207.    With respect to Paragraph 207, DTI is without sufficient information to admit or deny the remaining allegations in Paragraph 207.  To the extent a response is required, DTI denies the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 208.

209.    The allegations in Paragraph 209 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 209.

210.    With respect to Paragraph 210, DTI is without sufficient information to admit or deny the allegations in Paragraph 210.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 210.

211.    With respect to Paragraph 211, DTI is without sufficient information to admit or deny the allegations in Paragraph 211.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 211.

212.    With respect to Paragraph 212, DTI is without sufficient information to admit or deny the allegations in Paragraph 212.  To the extent a response is required, DTI denies the allegations in Paragraph 212.

213.    With respect to Paragraph 213, DTI is without sufficient information to admit or deny the allegations in Paragraph 213.  To the extent a response is required, DTI denies the allegations in Paragraph 213.

214.    The allegations in Paragraph 214 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 214.

215.    With respect to Paragraph 215, DTI denies the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 216.

217.    The allegations in Paragraph 217 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 217.

218.    With respect to Paragraph 218, DTI is without sufficient information to admit or deny the allegations in Paragraph 218.  To the extent a response is required, DTI denies as phrased the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 220.

221.	With respect to Paragraph 221, DTI is without sufficient information to admit or deny the allegations in Paragraph 221.  To the extent a response is required, DTI denies the allegations in Paragraph 221.

222.	The allegations in Paragraph 222 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 222.

223.	The allegations in Paragraph 223 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 223.

224.	DTI denies the allegations in Paragraph 224.

225.	The allegations in Paragraph 225 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 225.

**FIFTH COUNT**
**QUANTUM MERUIT – QUASI-CONTRACT**

226.	DTI repeats and reasserts its responses set forth in Paragraph 1 through 225 of the Complaint.

227.	The allegations in Paragraph 227 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 227

228.	With respect to Paragraph 228, DTI denies the allegations in Paragraph 228.

229.	DTI denies the allegations in Paragraph 229.

230.	The allegations in Paragraph 230 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 230.

231.	With respect to Paragraph 231, DTI is without sufficient information to admit or deny the allegations in Paragraph 231.  To the extent a response is required, DTI denies the allegations in Paragraph 231.

232.	With respect to Paragraph 232, DTI denies the allegations in Paragraph 232.

233.     DTI denies the allegations in Paragraph 233.

234.     DTI denies the allegations in Paragraph 234.

235.     The allegations in Paragraph 235 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 235.

**SIXTH COUNT**
**PENNSYLVANIA CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT**
**(73 P. S. SECTION 501, et seq.)**

236.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 236, DTI repeats and reasserts its responses set forth in Paragraphs 1 through 235 of the Complaint.

237.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 237, DTI denies the allegations in Paragraph 237.

238.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 238, DTI denies the allegations in Paragraph 238.

239.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 239, DTI denies the allegations in Paragraph 239.

240.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 240, DTI denies the allegations in Paragraph 240.

241.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 241, DTI denies the allegations in Paragraph 241.

242.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 242, DTI denies the allegations in Paragraph 242.

243.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 243, DTI denies the allegations in Paragraph 243.

244.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 244, DTI denies the allegations in Paragraph 244.

245.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 245, DTI denies the allegations in Paragraph 245.

246.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Six with prejudice.  Accordingly, no response is required for Paragraphs 236 through 246 of the Complaint. To the extent a response is required to Paragraph 246, DTI denies the allegations in Paragraph 246.

## SEVENTH COUNT
## PENNSYLVANIA'S UNDERGROUND UTILITY LINE PROTECTION LAW, ACT 287 OF 1974, AS AMENDED BY ACT 121 OF 2008

247.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247 through 263 of the Complaint.

To the extent a response is required to Paragraph 247, DTI repeats and reasserts its responses set forth in Paragraphs 1 through 246 of the Complaint.

248.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 248, DTI denies the allegations in Paragraph 248.

249.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 249, DTI denies the allegations in Paragraph 249.

250.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 250, DTI denies the allegations in Paragraph 250.

251.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 251, DTI denies the allegations in Paragraph 251.

252.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 252, DTI denies the allegations in Paragraph 252.

253.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 253, DTI denies the allegations in Paragraph 253.

254.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 254, DTI denies the allegations in Paragraph 254.

255.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 255, DTI denies the allegations in Paragraph 255.

256.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 256, DTI denies the allegations in Paragraph 256.

257.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 257, DTI denies the allegations in Paragraph 257.

258.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 258, DTI denies the allegations in Paragraph 258.

259.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 259, DTI denies the allegations in Paragraph 259.

260.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 260, DTI denies the allegations in Paragraph 260.

261.     On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 261, DTI denies the allegations in Paragraph 261.

262.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 262, DTI denies the allegations in Paragraph 262.

263.    On March 23, 2017, this Court granted DTI's motion to dismiss Count Seven with prejudice.  Accordingly, no response is required for Paragraphs 247-263 of the Complaint.  To the extent a response is required to Paragraph 263, DTI denies the allegations in Paragraph 263.

### EIGHTH COUNT
### UNJUST ENRICHMENT – QUASI CONTRACT

264.    DTI repeats and reasserts its responses set forth in Paragraphs 1 through 263 of the Complaint.

265.    With respect to Paragraph 265, DTI is without sufficient information to admit or deny the allegations in Paragraph 265.  To the extent a response is required, DTI denies the allegations in Paragraph 265.

266.    With respect to Paragraph 266, DTI is without sufficient information to admit or deny the allegations in Paragraph 266.  To the extent a response is required, DTI denies the allegations in Paragraph 266.

267.  The allegations in Paragraph 267 are legal conclusions to which no response is required.  To the extent a response is required, DTI denies the allegations in Paragraph 267.

268.    DTI denies that Precision is entitled to the relief sought in the Complaint.

### ADDITIONAL STATEMENT

DTI denies all allegations not specifically admitted in this Answer.

### AFFIRMATIVE DEFENSES

A.  Precision's claims are barred by the doctrines of estoppel and waiver.

B.  Precision fails to state a claim upon which relief can be granted.

C.  Precision's claims are barred by the Statute of Frauds.

D.  Precision's claims are barred by the doctrine of laches.

E.  Precision's allegations are not enforceable because DTI promptly paid in full any debt or obligation to Precision.

F.  Precision's equitable claims are barred by the doctrine of unclean hands.

G.  Precision's claims are barred for failure to satisfy conditions precedent.

H.  Precisions' claims are barred because Precision committed the first material breach.

I.  Precision's claims are barred by the doctrine of recoupment.

J.  Precision's claims are barred by the doctrine of set-off.

K.  Precision reserves the right to supplement and amend its affirmative defenses and to assert additional defenses, the bases for which may be revealed in discovery.

WHEREFORE, DTI, having denied all of the material allegations against it and asserted its affirmative defenses to the Complaint, request that this Court dismiss the Complaint filed against it in the matter with prejudice, award DTI its fees and costs incurred in defending the same, including attorney's fees and costs, and grant such other relief as the Court deems necessary and proper.

Dated:  April 20, 2017                    Respectfully Submitted,

                                          Dominion Transmission, Inc.
                                          *By Counsel*

                                          _____/s/  John D. Wilburn _____
                                          John D. Wilburn (VSB # 41141)
                                          McGuireWoods LLP
                                          1750 Tysons Boulevard, Suite 1800
                                          McLean, VA  22102
                                          (703) 712-5000
                                          (703) 712-5050 (fax)
                                          jwilburn@mcguirewoods.com
                                          *Counsel for Dominion Transmission, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of Court using CM/ECF System which will then send a notification of such filing (NEF) to all counsel of record this 20th day of April, 2017, including:

Christopher J. Belter, Esq.
Ryan G. Pitman, Esq.
Goldberg Segalla LLP
711 3rd Avenue, Floor 19
New York, NY  10017

Thomas Wolfe, Esq.
John ("Jack") M. Robb, III, Esq.
LeClair Ryan
919 East Main Street
Richmond, VA  23219

*Counsel for Plaintiff*

_____/s/  John D. Wilburn_____
John D. Wilburn (VBS #41141)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA  22102
(703) 712-5000
(703) 712-5050 (fax)
jwilburn@mcguirewoods.com

*Counsel for Dominion Transmission, Inc.*